## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | CHAPTER 7 |
| | : | |
| CHRISTOPHER MARTINEZ | : | BANKRUPTCY NO. 25-13992 (DJB) |
| | : | |
| Debtor | : | |
| | : | |

### CONSENT ORDER RESOLVING DEBTOR'S VERIFIED
### MOTION TO CONVERT CASE TO CHAPTER 13

**THIS IS A CONSENT ORDER** (the "Consent Order") by and between Lynn E. Feldman, Chapter 7 Trustee (the "Trustee") for the estate of Christopher Martinez (the "Debtor"), and the Debtor resolving the Debtor's Verified Motion to Convert Case to Chapter 13 (the "Motion to Convert").

### BACKGROUND

A. On October 1, 2025 (the "Petition Date"), the Debtor filed for protection under Chapter 7 of the Bankruptcy Code.

B. On October 2, 2025, the Trustee was appointed which appointment remains in effect.

C. On December 2, 2025, the Trustee filed a complaint (the "Complaint") against Venessa L. Martinez ("Ms. Martinez") seeking, *inter alia*, authority to sell residential real property co-owned by Ms. Martinez and the Debtor's bankruptcy estate.

D. On December 10, 2025, the Debtor filed the Motion to Convert [D.I. 19].

E. The Trustee and the Debtor have concluded that resolving the Motion to Convert by this Consent Order is appropriate under governing law and consistent with the interest of the Debtor's estate, his creditors and parties in interest.

**NOW, THEREFORE,** the foregoing Background being incorporated herein and made a

part hereof, and with the agreement of the parties hereto, it is hereby **ORDERED** as follows:

1. The Motion to Convert is **GRANTED as modified herein**.

2. The Debtor's case is converted to one proceeding under Chapter 13 of the Bankruptcy Code.

3. The Debtor must file a chapter 13 plan (the "Plan") and all statements, schedules, and other documents required by Fed. R. Bankr. P. 1007(b) within fourteen (14) days after the entry of this Consent Order.

4. The Debtor must begin making plan payments to the chapter 13 trustee within thirty (30) days after the entry of this Consent Order.

5. The Plan must not provide for payments over a period that is longer than five (5) years after the entry of this Consent Order.

6. The Plan must provide for the payment of an allowed Chapter 7 administrative expense claim to Karalis PC in the amount of $2,000.00.

7. The Plan must provide for the payment of an allowed Chapter 7 administrative expense claim to the Trustee in the amount of $2,000.00.

8. Upon the entry of this Consent Order, the Trustee shall dismiss the Complaint.

9. In the event the Debtor fails to confirm a Chapter 13 Plan or otherwise defaults under the terms of this Consent Order, the Debtor's bankruptcy proceeding shall be reconverted back to Chapter 7 of the Bankruptcy Code.

10. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Consent Order.

                                                                     **BY THE COURT:**

Dated: December 16, 2025

                                                                     DEREK J. BAKER,
                                                                     UNITED STATES BANKRUPTCY JUDGE

**CONSENT IS HEREBY GIVEN
TO THE FORM, SUBSTANCE AND
ENTRY OF THE WITHIN ORDER:**

| **KARALIS PC** | **SADEK LAW OFFICES, LLC** |
|---|---|
| By:   /s/ Robert W. Seitzer<br>      ROBERT W. SEITZER<br>      1900 Spruce Street<br>      Philadelphia, PA 19103<br>      (215) 546-4500<br>      rseitzer@karalislaw.com | By:   /s/ Michael I. Assad<br>      MICHAEL I. ASSAD<br>      1500 JFK Boulevard, Suite 220<br>      Philadelphia, PA 19102<br>      (215) 545-0008<br>      michael@sadeklaw.com |
| *Attorneys for the Trustee* | *Attorneys for the Debtor* |
| Dated: December 15, 2025 | Dated: December 15, 2025 |